TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00378-CR







Kelly James McCarty, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 30842, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Kelly James McCarty seeks to appeal convictions for two counts of indecency with
a child by contact. Sentence was imposed on March 7, 2009, and there was a timely motion for new
trial. The deadline for perfecting appeal was therefore June 5, 2009. Tex. R. App. P. 26.2(a)(2). 
Notice of appeal was filed on June 15, but no extension of time for filing notice of appeal was
requested. (1) Tex. R. App. P. 26.3. McCarty's counsel has informed the Court that the notice of
appeal was mailed on June 12, and therefore the mailbox rule does not apply. Tex. R. App. P. 9.2(b). 
Under the circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other
than by dismissing it for want of jurisdiction. (2) See Slaton v. State, 981 S.W.2d 208 (Tex. Crim.
App.1998); Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996). 

The appeal is dismissed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: July 22, 2009

Do Not Publish
1. There is no implied motion for extension of time in criminal appeals as there is in civil appeals. 
Compare Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997), with Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).
2. McCarty must seek an out-of-time appeal by means of post-conviction habeas corpus. 
See Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2008).